# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNIE RICKMAN, | Case No. 1:18-cv-00204-SKO (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE** |
| v. | |
| VARQUEZ, | **(Doc. 7, 16, 17)** |
| Defendant. | **TWENTY-ONE (21) DAY DEADLINE** |
| | **CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE** |

Plaintiff, Dannie Rickman, is proceeding *pro se* and *in forma pauperis* in this action under 42 U.S.C. § 1983. Plaintiff filed this action in the United States District Court in the Northern District of California on October 6, 2017. On February 9, 2018, the action was transferred to this Court. (Doc. 15.) The First Informational Order and the order requesting that Plaintiff consent or decline Magistrate Judge jurisdiction issued that same day. (Doc. 16.) Plaintiff's motion to proceed *in forma pauperis* was granted shortly thereafter. (Doc. 17.) However, all of these orders have been returned by the United States Postal Service as "undeliverable" since Plaintiff is "no longer in custody."[1] A review of the docket of this case reflects that orders issued by the Northern District were also returned as undeliverable.[2]

A *pro se* plaintiff must keep the Court and opposing parties informed of the party's correct address. Local Rule 182(f). If a party moves to a different address without filing and serving a

---
[1] *See* Doc. entries on 02/22/2018, 03/06/2018, and 04/12/2018.
[2] *See* Doc. entries on 12/27/2017, 01/31/2018, and 02/06/2018.

1

notice of change of address, documents served at a party's old address of record shall be deemed received even if they are not actually received. *Id*. If mail directed to a *pro se* plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be served a second time absent a notice of change of address. If a *pro se* plaintiff's address is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute. Local Rule 183(b).

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Plaintiff appears to have abandoned this action shortly after its commencement. Whether Plaintiff did so mistakenly or intentionally after being released from custody is inconsequential. It matters not that the First Informational Order was not delivered to Plaintiff as its mailing was a courtesy extended by this Court to incarcerated parties who may not otherwise have ready access to the Local Rules. It is Plaintiff's responsibility as the party initiating this action to comply with the Court's Local Rules which require Plaintiff to keep his address of record updated. The Court declines to expend its limited resources to screen or otherwise address a case that Plaintiff has chosen to ignore.

Accordingly, the Court **HEREBY RECOMMENDS DISMISSAL** of this action, based on Plaintiff's failure to prosecute and comply with the Local Rules by keeping his address of record updated. Fed. R. Civ. P. 41(b); Local Rule 183(b). The Clerk of the Court is directed to assign a

district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 8, 2018**　　　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE